PAUL C. NEIMANN & another[1] *vs.* WESTINGHOUSE ELECTRIC CORPORA-
TION. No. 90-P-998. July 2, 1992. *Practice, Civil*, Instructions to jury.
*Electricity. Warranty. Negligence*, Manufacturer, Duty to warn.

The plaintiffs appeal from a judgment resulting from a jury verdict in
favor of the defendant, Westinghouse Electric Corporation (Westing-
house). They allege two errors by the trial judge: (1) his refusal to instruct
the jury that electricity is a highly dangerous force and that those who
deal with it are held to a high degree of care, and (2) his refusal to in-
struct the jury that, had Westinghouse given a warning of the hazards of
using its product, the warning would have been followed. There was no
error.

At the time of the accident which brought about the filing of this action,
the plaintiffs were long-time employees of Boston Edison. They were con-
ducting a test on electrical lines at an Edison substation that had been
isolated from the main transmission line because of problems with its pri-
mary line. The plaintiffs' testing was to ensure that all was repaired before
the substation was returned to service. They were injured when the dis-
patcher who had sent them to the substation negligently ordered another
employee to close a switch. As a result, a short circuit developed at the
substation, and there was an electrical explosion, injuring the plaintiffs.
The explosion occurred in a test device designed, manufactured, and sold
by Westinghouse. Neither plaintiff had on protective gear at the time of
the explosion.

---

[1]Robert Frisiello.

1. *Electricity as a highly dangerous force.* There was no error in the judge's refusal to instruct the jury that Westinghouse had an elevated duty of care. The plaintiffs' arguments fail to take into account that their claim against Westinghouse was for breach of warranty and not for negligence. In breach of warranty cases, the "inquiry focuses on product characteristics rather than on the defendant's conduct." *Back* v. *Wickes Corp.*, 375 Mass. 633, 642 (1978). The plaintiffs' request to have the judge instruct on a higher degree of care owed would have mistakenly directed the jury to focus on Westinghouse's conduct. Rather, the jury was required to consider "the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design." *Back* v. *Wickes Corp.*, *supra*, quoting from *Barker* v. *Lull Engr. Co.*, 20 Cal. 3d 413, 431 (1978). The judge properly instructed the jury on these considerations.

2. *Warning being followed.* Although this court has decided that "[a]n adequate warning is by definition one that would in the ordinary course have come to the user's attention" and prevented the accident, *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct. 346, 352 (1978) (where it was likely a warning would have prevented the accident), we think reliance solely on that principle is misplaced here. The plaintiffs claim that the trial judge improperly instructed the jury about warnings being heeded. They argue that the instruction as given left the jury to speculate about the impact of a warning, rather than permitting an inference that a warning would have been followed.[2] *Harlow* v. *Chin*, 405 Mass. 697, 702 (1989). On the evidence presented, however, the instruction given was sufficient. There was persuasive evidence that the plaintiffs would not have followed an adequate warning. See *Knowlton* v. *Deseret Med., Inc.*, 930 F.2d 116, 123 (1st Cir. 1991). Moreover, "a manufacturer has no duty to warn a plaintiff who is fully aware of the risks posed by the product." See *Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610, 615 (1989). The plaintiffs were well aware of the possible dangers of working with the Westinghouse test device and electricity in general. They were trained to wear protective clothing and not to place certain equipment on the lines until they tested dead. The jury could well infer that there would only be a remote "possibility rather than a probability" that a warning from Westinghouse would have made the plaintiffs behave any differently while using the test device. *Sweeting* v.

---

[2]The trial judge instructed as follows: "[M]anufacturers are not bound to warn or instruct about the obvious. . . . They need not caution or warn about things that they reasonably believe the buyer and those to be affected by the product already will know. They must warn or caution or instruct about latent defects or more subtle problems that may crop up. They can or you can infer, if you are inclined, that warnings would have been heeded by the buyer and those working with the equipment."

*Cairns & Brother, Inc., ante* 27, 29 (1992), quoting from *Swartz* v. *General Motors Corp.*, 375 Mass. 628, 632 (1978). Additionally, "where the danger presented by a given product is obvious, no duty to warn [exists] because a warning will not reduce the likelihood of injury." *Bavuso* v. *Caterpillar Industrial, Inc.*, 408 Mass. 694, 699 (1990), quoting from *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 59 (1988).

*Judgment affirmed.*

*Thomas J. Lynch* for the plaintiffs.
*Joseph G. Blute* (*Lori J. Shapiro* with him) for the defendant.